IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1998 SESSION

FILED

August 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9709-CC-00360 |
| | ) | |
| Appellee | ) | FAYETTE COUNTY |
| | ) | |
| v. | ) | HON. JON KERRY BLACKWOOD, |
| | ) | JUDGE |
| JACOB MEEKS, | ) | |
| | ) | POST-CONVICTION |
| Defendant/Appellant | ) | |

FOR THE APPELLANT:

David Crichton
111 W. Market Street
Bolivar, TN  38008

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Douglas D. Himes
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

OPINION FILED _____

AFFIRMED
JOHN K. BYERS
SENIOR JUDGE

# O P I N I O N   O N   R E M A N D

On November 2, 1998, we filed an opinion in this case reversing the judgment of the trial court, which dismissed the petition of Meeks. We set aside and reentered the judgment of this court on that date to give Meeks an opportunity to petition the Supreme Court under Rule 11, Supreme Court Rules, for a review of his conviction.

Counsel for Meeks withdrew from the case and mailed a copy of the order to Meeks at his home address, 110 McKinney Street, Holy Springs, Mississippi 38635, which was the last address for Meeks known by counsel and reflected in the record.

We held this action by counsel was not sufficient to satisfy the requirements of Rule 14 of the Rules of the Supreme Court because Rule 14 requires the clerk to mail a copy of the order, which relieves counsel in a case after the judgment of this court is entered. The record before us did not show that this had been done.

The Supreme Court granted the State's application for review for the purpose of allowing the State to supplement the record. The State did so, and the Supreme Court on June 21, 19997 remanded the case to us for reconsideration based upon the supplement of the record.

The supplemental record shows that on August 14, 1996, the clerk of the Supreme Court mailed to Meeks at his address, known by the clerk at that time, the information and document required by Rule 14.

The record as now structured shows Meeks was not denied the right to petition the Supreme Court for permission to appeal by reason of any failure of a state agency to comply with Rule 14. We therefore, upon the reconsideration ordered by the Supreme Court set aside our previous judgment, and upon this record affirm the judgment of the trial court.

The cost of this appeal is taxed to the State.

_____
                           John K. Byers, Senior Judge


CONCUR:
                                          -3-


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge